# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 OCT 30  PM 3: 38

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. **'18 - CV - 0 2 7 7 9**

(To be supplied by the court)

_____Cyndi Henderson_____, Plaintiff

v.

Home Depot, U.S.A., Inc.

_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## *Jury Demand Endorsed Hereon/Jury Trial*

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

**A.      PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

 Cyndi (Cindy) Henderson   4822 Xanthia Street Apt#101 Denver Colorado 80238
(Name and complete mailing address)

 720-318-8785 /   hendersoncyndi@yahoo.com
(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   **Home Depot U.S.A., Inc.     2455 Paces Ferry Road,**
**Atlanta       GA      30339**
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 2:   _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

 __X__   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

 ____   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

 ____   Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

 ____   Other: *(please specify)* _____

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:    Civil Rights Employment Violations

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire              __X__ different terms and conditions of employment

____ failure to promote          ____ failure to accommodate disability

__X__ termination of employment    __X__ retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

__X__ race         ____ religion       ____ national origin      __X__ age

__X__ color        __X__ sex           ____ disability

### Supporting facts:

I believe was discriminated and retaliated based on my race, age, and sex because Brian Vazquez my comparison was under 21 years old, Caucasian male. He was a Head Cashier under the same supervisor (Derrick- who was Caucasian Asst. Store Manager) and store management team and he was treated more favorably than me with similar situations. Brian was not fired/ terminated from his job for the multiple offenses while he was on Final Warning, and he left Home Depot in October 2017 on his own accord.   While, I as the only African American Female, over the age of 50, and Head Cashier on the Front End was harshly discipline, then co-workers performing similar tasks, and had similar or worst violations of Major Work Rule Violations of Company Standards, and not adverse treated with job termination for their action as I experience with my job termination on July 20th 2017.   I unfairly and unequally treatment, and termination from job after fifteen years of employment (05/2002- 07/2017) with Home Depot as follows:

 In November of 2016, Brian in his sworn legal affidavit stated he left $6000 under register, and was then put on a Final Warning by ASM, Derrick Burpo, **[This is clearly a violation and its Major Work Rule Violation of Company Standards of Performance when he creates a security or loss of risk]**, and 5 months later, that same employee left $1,100 cash register money in unsecure and unlocked locations on March 12th 2017 **[This is clearly a violation and its Major Work Rule Violation of Company Standards of Performance when he creates a security or loss of risk]**, and he was not discipline with job termination for this second offense within his 6 months' probation time period,

3

## D. STATEMENT OF CLAIM

and then 3 months later, according to his sworn legal affidavit that he breaks a window as viewed on the CCTV tape in June of 2017 [**This is clearly a violation and its Major Work Rule Violation Company Standards of Performance when he creates a security or loss of risk**]. This employee was not subjected to investigation, counseled, nor discipline with job termination for this third offense.

As I explained during the investigation about the incident on May 5th, 2017- that my normal routine of closing the Front-End down and sending back cash registers (tills) to the vault via the tube system as in our Head Cashier Roles and Routines Guide and How to manage Front-End Standards was problematic because I did not have enough tubes to send all of the closing tills back to vault. I asked the closing ASM, Rene Birtchet for help and assistance but was told that she could not assistance me to send more tubes or walk with me to collect the money off the front-end because the store vault was locked.  I was not saying not true to the circumstance but did the best I could with the inadequate training and no set procedures or policy in place on what to do when the tube system is not working and there are no tubes to collect money from cashiers to send money back to the vault. Under normal closing routines and when tubes are available and tube system is working for me to do my job properly where cash tills are placed indie of tubes and sent back via tube system.

I was not properly trained nor I have received procedures, policies or set processes, or even written policy guidance on how to respond and address situations where cash drawer register monies (Tills) need to be sent back to vault when tube system is not working or accessible, and there are no tubes (the equipment) available needed for me to properly do my job.  I also did not receive specific and proper training on repairing on Front-End equipment's cash drawers, scanners, and monitors, software and server issues when the equipment would automatically freeze and shut down appeared "closed screen".  This happen often at our store.

On February 27th 2017, Head Cashier, Tawni Euler admits to other Head Cashiers in the Head Cashier Communication binder kept on the Front End that she was the one who left the tube system at customer service area not being unlocked and unsecured as well as leaving the Self-Check Out Registers#57 and #56 unlocked and in unsecure areas exposing all the cash drawers of ones, fives, and tens from both machines to the public exposure. [**This is clearly a violation and its Major Work Rule Violation of Company Standards of Performance when she creates a security or loss of risk**], as discovered and reported to bookkeeping, managers, and other Head Cashiers by opening Head Cashier, Jill Klapp.   Ms. Euler acknowledges that she was the one who did both of those acts and this incident was not investigated, nor was she counseled, nor was she formally disciplined for her actions per the absence of this incident in Home Depot record search.   The circumstance of the two following employee were their race and age and none of the normal processes of reported/ call into AACG in Atlanta for investigation, counseled, or discipline were applied or followed for them where I was treated differently.

The difference between me being under investigation, and as previously before mention employees   committing similar or the same or worst infractions for Major Work Rule Violations of Company Standards was race, age, and gender with a male employee. **This is a clear violation of Chapter 7.**

## D. STATEMENT OF CLAIM

Regarding retaliation, On June 23rd after I being ignored by District HR Team, I reached out to Carlos Juarez about the retaliation I experienced from ASM, Derrick Burpo when humiliated me by saying, "You will not suffer any repercussion for leaving the money in garden because mistakes happens" and explained that in retrospect, Derrick gave me a false security and impression that he would take care of me and do for me what he did for the other employees who were Caucasian and younger than I , as well as, in some circumstances a male gender treated more favorably than myself. This is early observed by the way they were treated as previously outline in an employee's sworn legal affidavit of leaving $6000 in November of 2016, and then not sending back $1,100 on March 12th of 2017, and when Head Cashier, Tawni also failed to secure and lock two Self-Check-Out machines exposing twice the amount of money from cash drawers 1's, 5's, and 10's on February 27, 2017. I was expectation the same treatment.

After I was approved to have a set schedule contrary to Derrick Burpo humiliating and forcing me to accept unfavorable scheduling that would have resulted in my job termination, He then retaliated and discriminated against me base on race, and age when he gave me a low Job Performance evaluation and rating compared to my other Head Cashier who were Caucasian and younger than myself receiving an Excellent Job Performance Rating. I called the Awareness Line on both incidences and was given **Ticket number#218-652-**34 to let Home Depot know. I also sent E-mails to HR representatives, and store managers in February, March, and June of 2017 about my complaints of discrimination prior to my Job termination in July of 2017. Again, the company had to overturn and reversed ASM- Derrick Burpo's adverse and unfavorable actions towards me on my job performance evaluation from low to Exceeding Job Expectations. But thereafter, remained a hostile work environment between us where I was treated differently than other Head Cashier associates by being assigned to unimportant and menial work assignments and the harness of voice and intimidating body language of long stares, and his month and arms clenched when we have to meet and speak to one another. In employee's sworn affidavit, even he had observed and that me being treated differently than other Head Cashier associates by ASM- Derrick Burpo.

After my employment was terminated, I did call the Awareness line again to report the discrimination and retaliation actions I experience there based on my race, age, and gender and I was given **ticket Number#126-089-160 and #22697431** to let Home Depot know. But, I did not receive any call back or follow up from the company regarding this ticket complaint and my complaint of discrimination and retaliation. Moreover, I called AACG about my job termination, and I started to explain that other associates in supervisory positions had also left money at a different store. This associates name is Michelle Mitchell of a different race at the Greenwood Village Store#1509. Ms. Mitchell shared with me that she also has left cash in the change drawer, and it was not sent back to the vault the night before leaving it unsecure and unlocked and she **[created security and loss prevention risk and these were Major Work Rule Violation of Company Standards].** Ms. Mitchell also told her manager about the incident but was not called into AACG in Atlanta to be investigated, counseled, discipline, or made to write an employee statement about it. But my conversation about this information was cut short by Investigator- Ms. Brown who refusing to hear me out. Ms. Brown explained to me that because Michelle was at a different store in the district under different management team than she can be treated

## D. STATEMENT OF CLAIM

differently from me. **This is a clear violation of the company's self-described policy and public notice about treating the employees fairly and equally regardless of race, age, and gender. A difference terms and conditions of employment.**

Again, stated previously the Home Depot actions towards me can be easily observed with the way they treated a Caucasian Male Head Cashier younger of 18 of age, Brian for similar patterns of behavior where he created security and loss prevention risk and with **3 violations of the Major Work Rule Violation of Company Standards during his 6 months' probation.** Another associate, Melissa who is Caucasian and younger than myself on June 24th of 2017 was observed by myself, other cashiers, and managers on duty who is not authorized or trained to be an acting "Head Cashier" proceeding to close down the entire Front-End registers by removing cash money from the registers drawers using Adilene Hinojosa's password, and other Head Cashiers' passwords to access the money alone with no supervision **[this is a Major Work Rule Violation of Company Standards]** and this assignment of her unauthorized and acting as Head Cashiers puts her in a work position of risk and creating security or loss prevention risk causing harm to herself and the company .

Again, there were other Head Cashiers who had left monies and cash tills in Self-Check unlocked and unsecured as witnessed by opening Head Cashier Maria Rojas, Jill Klapp, and the bookkeeping staff but never reported them to AACG for review or take actions, and in equipment that did not work/freeze-up and malfunction similar to what I experienced happening on my shift often and from my findings and well as shown in the legally sworn affidavits obtained that there is observed proximate cause which is specifically related to the results imposing liability on Assistance Store Manager, Derrick Burpo. Moreover, when I spoke up about Derrick Burpo treating me differently HR representatives based on race, age, gender, I was then purposely securitized, and investigated in every action/behavior I did on the front end by AACG, while others committed the same violations or even worst violations were not retaliated or disciplined or securitized.

Moreover, I and another African American supervisor, Victor Lane, were treated differently by company in our unfairly and unequally disciplined and terminated for similar offenses as like Brian Vasquez and Don Kacirzk case. Victor Lane is relevant witness adding to a larger scope of civil rights violation under Title VII and class action. His information adds to the resulting with merit of another African American supervisor at the same store#1509 was disadvantaged in discipline treatment by the company like me and was not provided the same privileges and favor in multiple opportunities as the group of Caucasian and other associates received when they committed Major Work Rule Violations at the same store under the same management team.

Below is a list of witnesses including but not limited to the following:

1. Brian Vazquez (my comparator)-
2. Head Cashiers-Jill Klapp -
3. Don Kacirek
4. Maria Rojas –work worked with me as Head Cashier during my time at sote#1509 and then transferred to store#1526 (720-524-2480)

## D. STATEMENT OF CLAIM

5. Michelle Mitchell-the Front-End supervisor at Store#1509 (303-799-9071)
6. Front-End Supervisor Adriana Ruvlcaba-Jaime
7. CO- Store Manager Rosie Whitney and Assistance Store Manager Renee
8. Store Manager Gautam Wadhwa -
9. Cindy Orr (720-270-4355) from Compu
10. Adilene Hinojosa's
11. Victor Lane

Home Depot unlawful actions were intentional, willful, malicious done with reckless disregard to my right to be free of employment discrimination based on race, age, sex, and retaliation.

## E.    ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

   _X_ **Yes** (*You must attach a copy of the administrative charge to this complaint*)

   ___ No

Have you received a notice of right to sue? (*check one*)

   _X_ **Yes** (*You must attach a copy of the notice of right to sue to this complaint*)

   ___ No

## E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."* **Damages to be determine at trial as well as including but not limited to the following:**

1. For Reinstatement of Job

2. For Back pay and lost wages and all other compensation and benefits denied or lost.

3. For Compensatory Damages

4. For Punitive Damages

E.    **REQUEST FOR RELIEF**

5.  For Liquidated Damages

6.  For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation

7.  For the employer to stop any discriminatory practices discriminatory

8.  For the employer to take steps to prevent this unlawful acts in the future.

9.  For recovery of reasonable attorneys' fees, expert witness fees, court cost, and costs of suit.   For such other and further relief as this Court deems proper.

G.    **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____10/30/18_____
(Date)

(Form Revised December 2017)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17th Avenue, Suite 410
Denver, CO 80203
(303) 866-1300
TTY (303) 866-1950
FAX (303) 866-1085
1-800-669-4000

Cindy M. Henderson
4822 Xanthia Street
Apt 101
Denver, CO 80238

Subject: Dismissal of Charge

Dear Ms. Henderson,

    This is to advise that we have made the determination to dismiss your charge of employment discrimination (EEOC Charge No. 541-2018-00183) against HOME DEPOT 1532 STAPLETON. Our assessment of the charge included careful consideration of all the information offered both by you and the employer.

    Our review of your charge indicates that it is very unlikely that further investigation will yield sufficient evidence to establish a violation of the laws that we enforce. The available evidence does not support your assertion that your employment experiences, including your discharge, were the result of discriminatory disciplinary standards/policies/treatment. As a result, this evidence does not support a conclusion that your sex-female, race-Black, age-53, and in retaliation for participating in a protected activity was a factor in · your experiences. Accordingly, we decline to take further action on the subject charge. The enclosed **Dismissal and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue this matter by filing a lawsuit within 90 days of receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC.

    We hope that this information is helpful to you.

Sincerely,

**AUG 0 1 2018**
_____
Date

_____
ALEJANDRA HAROUTH
Equal Opportunity Investigator
(303) 866-1360

Enclosures: Notice of Right to Sue

Enclosure with EEOC Form 161 (11/09)

**INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law . If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS –**

**Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this** Notice. Therefore, you should **keep a record of this date.** Once this 90- day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later. Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS – Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION – Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE – All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Cindy M. Henderson
    4822 Xanthia Street
    Apt 101
    Denver, CO 80238

From: Denver Field Office
      303 East 17th Avenue
      Suite 410
      Denver, CO 80203

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2018-00183** | CHRISTOPHER Padilla, Supervisory Investigator | (303) 866-1336 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| X | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
|   | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,
**District Director**

AUG 0 1 2018

*(Date Mailed)*

Enclosure(s)

cc:    HOME DEPOT 1532 STAPLETON

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 541-2018-00183 |

| Colorado Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr, Ms, Mrs)* | Home Phone *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Cindy M. Henderson | (720) 318-8785 | 1964 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4822 Xanthia Street, Apt 101, Denver, CO 80238 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| HOME DEPOT 1532 STAPLETON | 500 or More | (303) 320-3738 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3870 Quebec Street,  Denver, CO 80207 | |

| Name | No Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 05-05-2017 | 07-20-2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was employed as a head cashier since May 4, 2002. Throughout my tenure, I had not been disciplined until June 14, 2017, following an incident that occurred on May 5, 2017, when I left money in a bucket overnight. I was written up with a final warning even after I was told by the General Manager on May 6, 2017, that I would not have a problem. On June 23, 2017, I filed a complaint with HR stating I felt like I was being singled out because of my race-Black, sex-female and age-53. On July 1, 2017, I left money in the cash register again because the register was not working properly and could not get the money out before I left for the day. I informed the Manager of Hardware about the problem, yet I was discharged on July 20, 2017 for leaving money in the cash register. I know of other non-Black males and non-Black females head cashiers who are all in their 20's and have had also left money it the cash register without adverse action against them.

I believe I have been discriminated against because of my sex-Black, sex-female in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and in retaliation for participating in a protected activity and because of my age, in violation of the Age - 53 Discrimination in Employment Act of 1967 (ADEA), as amended and in retaliation for participating in a protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT |
| ___11/16/17___    _Cindi Henderson_<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

RECEIVED
NOV 16 2017
EEOC DENVER FIELD OFFICE

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Julie Wistedt<br>EEO Compliance Manager<br>HOME DEPOT<br>PAC Mountain Desert<br>2455 Paces Ferry Road NW<br>Atlanta, GA 30339 | **Cindy M. Henderson** |

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**541-2018-00183**

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate this charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Holly Romero,**<br>**Enforcement Supervisor** | **Denver Field Office** |
|---|---|
| *EEOC Representative* | **303 East 17th Avenue** |
| *Telephone*  **(303) 866-1308** | **Suite 410** |
| | **Denver, CO 80203** |
| | **Fax: (303) 866-1085** |

Enclosure(s): [ ] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race    [ ] Color    [X] Sex    [ ] Religion    [ ] National Origin    [X] Age    [ ] Disability    [X] Retaliation    [ ] Genetic Information    [ ] Other

**ISSUES: Discharge**

**DATE(S) (on or about):   EARLIEST: 05-05-2017    LATEST: 07-20-2017**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **November 16, 2017** | **Elizabeth Cadle, District Director** | Alejandra Harguth  Digitally signed by Alejandra Harguth DN: cn=Alejandra Harguth, o=EEOC ou=Enforcement, email=alejandra.harguth@eeoc.gov c=US Date: 2017.12.07 14:44:51 -07'00' |

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA.  These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge.  (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below).  Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records.  Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action.  The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected.  The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes.  The Equal Pay Act contains similar provisions.  Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.  Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you.  If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO:  **Colorado Civil Rights Division**
**1560 Broadway Street**
**Suite 1050**
**Denver, CO 80202**

Date  **December 8, 2017**
EEOC Charge No.
**541-2018-00183**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Cindy M. Henderson** | v. | **HOME DEPOT 1532 STAPLETON** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC  ☐ _____ on  **Nov 16, 2017**

*Name of FEPA*  *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver  ☐ FEPA waives

☐ No waiver requested  ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Elizabeth Cadle, District Director** | *Alejandra Harguth* Digitally signed by Ale,andra Harguth DN: cn=Alejandra Harguth, o=EEOC, ou=Enforcement, email=alejandra.harguth@eeoc.gov, c=US Date: 2017.12.08 08:52:06 -0700' |

| **Cindy M. Henderson** | v. | **HOME DEPOT 1532 STAPLETON** |
|---|---|---|
| *Charging Party* | | *Respondent* |

**TO WHOM IT MAY CONCERN:**

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Aubrey Elenis, Director** | |

TO:  **Denver Field Office**
**303 East 17th Avenue**
**Suite 410**
**Denver, CO 80203**

Date  **December 8, 2017**
EEOC Charge No.
**541-2018-00183**

FEPA Charge No.

Charge No: 541-2018-00183C
Charging Party: Henderson, Cindy
Respondent: HOME DEPOT 1532 STAPLETON
Subject: intake notes - DI at intake
Created By: HARGUTH, ALEJANDRA

Date: Nov 16, 2017
Note: Interviewed, counseled, discussed intake checklist, brochure, and elements of proof with CP.

Counseled CP
about strengths and weakness of the charge and informed PCHP charges
DOH May 4, 2002 - lead cashier
DOD July 20, 2017

CP was employed as a head cashier w/ R since 2002. On May 5, 2017, CP left $ in the cash drawer over night and was disciplined with a written final warning even after she was told by the GM that it would not be a problem. CP filed a complaint with HR because CP believed she was placed on a final written warning because of her age - 53, race-black and sex-female. On July 1, 2017, CP states she left $ in the drawer again and was terminated.

CP compares herself to another white male head cashier in his early 20's who also had an incident where $ was left in a drawer and was disciplined with a final warning on or about 11/2016. CP states that the same male younger head cashier again left $ in the drawer in 5/2017 and was not terminated, but instead left for another job shortly after the second incident.

CP reached out to Carlos Juarez from HR on June 23, 2017 and filed a complaint becuase CP felt she was being singled out for her race-Black, age- 53 and sex-female. CP stated an investigation was not conducted.

CP also states that two other white females in their early 20's also left $ in the drawer and were never disciplined- this happened once.

Out of 8 head cahiers all are white except CP who is Black, 2 males/6 females, 3 over the age of 40 (two of which are in their 50's). The older employees did not have any problems or issues.